Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

JAN 1 4 2025

FILED

Dr. Judith B. Stallings

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Augusta University Human Resources + The Search Committee for the Associate Provost of Faculty Affairs.

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **CV125- 012**

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑Yes ☐No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Judith B. Stallings |
| Street Address | 4206 Aerie Circle |
| City and County | Evans (Columbia County) |
| State and Zip Code | GA 30809 |
| Telephone Number | 706 2315478 |
| E-mail Address | js4.reality@gmail.com |

   B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**Defendant No. 1**

Name — *Augusta University*

Job or Title *(if known)* — *Human Resources + the Search Committee of the Associate Provost of Faculty Affairs*

Street Address — *1120 15th Street*

City and County — *Augusta (Richmond)*

State and Zip Code — *GA 30912*

Telephone Number

E-mail Address *(if known)*

**Defendant No. 2**

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

**Defendant No. 3**

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

**Defendant No. 4**

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

**C.  Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Augusta University |
| Street Address | 1120 15th Street |
| City and County | Augusta (Richmond) |
| State and Zip Code | GA 30912 |
| Telephone Number | |

## II.  Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑  Other federal law *(specify the federal law)*:

Pay disparity

☐  Relevant state law *(specify, if known)*:

☐  Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.     Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☑ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.     It is my best recollection that the alleged discriminatory acts occurred on date(s)

**April 18, 2023**

C.     I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.     Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☑ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*
  _____

E.     The facts of my case are as follows. Attach additional pages if needed.

(See Attached Statement.)

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

**IV.    Exhaustion of Federal Administrative Remedies**

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Feb 2, 2024 - 1st EEOC Charge ; Submitted 2nd Charge on June 23, 2024

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on *(date)*  10/22/2024

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

**V.    Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    Jan 14, 2025

Signature of Plaintiff    _Judith Stallings_

Printed Name of Plaintiff    _Judith Stallings_

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

**Plaintiff(s): Dr. Judith B. Stallings**

**Defendant(s): Organization - Augusta University – Human Resources & The Search Committee for the Associate Provost of Faculty Affairs**

**Jury Trial – Yes**

**II. Basis for Jurisdiction** – Title VII of the Civil Rights Act of 1964 (race, color, gender, religion, national origin).

Other federal law – Pay Disparity

**III. Statement of Claim**

Dear United States District Judge,

I submit this statement to bring your attention to several claims that I have against Augusta University Human Resources and the Search Committee for the Associate Provost of Faculty Affairs regarding racial discrimination, pay disparity and retaliation to my 1st charge submitted to the U. S. Equal Employment Opportunity Commission (EEOC) and slanderous behavior in the workplace. I am writing this letter in support of my claims and to request that the court consider my case.

**Claim #1** - I am a long-term employee of Augusta University (AU) and alumna with three degrees from the consolidated university. Currently, I am a professor with over twenty years of experience as an educator and the Associate Dean of Academic Affairs within the College of Allied Health Sciences (CAHS) at Augusta University (AU) since 2019. In August of 2022, I was approached by Dr. Neil MacKinnon, the previous Provost & Executive Vice President for Academic Affairs and Dr. Zach Kelehear, Vice Provost of Augusta University to assist the university in meeting the Board of Regents (BOR) requirements by stepping up as Interim Associate Provost of Faculty Affairs due to the departure of the previous Associate Provost of Faculty Affairs. I was chosen due to my work ethic, which I value as well as my reputation. I agreed to assist my home institution in a time of great need and began as Interim Associate Provost of Faculty Affairs in September of 2022. Later, I applied and interviewed for the permanent position as Augusta University's Associate Provost of Faculty Affairs on March 28 and 29, 2023. There was a total of four (4) on campus candidates for the final rounds. The final candidates consisted of one (1) Caucasian male, two (2) Caucasian females and me, an African American female. Two (2) of the four (4) finalists were external candidates and two (2) were internal. To summarize, there were processes or steps undertaken that are not part of a typical interview

process. One of those examples include an email (dated March 31, 2023) which was sent to all faculty requesting feedback on the interview candidates by someone who was not a part of AU's Human Resources Executive Search Team nor a member of the Search Committee for this position. A second concern was a group meeting where comments or opinions were asked about the candidates. This meeting was not listed nor included on the interview itinerary for March 29 & 30. Thirdly, there were rumors in the general community during the interview timeframe which appear slanderous with the intent to harm. These rumors were disclosed to me after the permanent person was chosen.

In April of 2023, I was verbally informed that I was not chosen for the position. The explanation I received was, "They received more applications than expected." As a result, I returned to my previous position as Associate Dean on July 1, 2023, and my salary was decreased to my previous annual salary amount. Upon returning to my previous position as Associate Dean, I decided to contact the Vice President for Human Resources on July 2, 2023. We met to discuss my concerns about the interview process. During our meeting, I requested a review of the "oddities" of the interview process, campus rumors, and feedback from the survey responses to ascertain what may have been forwarded to the Search Committee by someone who was not officially a member of the Search Committee or the Human Resources Executive Search Team. I sent a second request to the Vice President of Human Resources in December 2023. At that time, I requested not only a review but a thorough investigation of the interview process by Human Resources to include the following:

- o  A) A full evaluation of how the final decision or selection was made.
- o  B) A full evaluation of the interview scores and ratings comparing each candidate
- o  C) A full evaluation or investigation of any group meetings where candidates were discussed in a separate meeting that was not listed on the official itinerary.
- o  D) A thorough investigation of all interview processes to ensure that all hiring practices and policies were followed, that not one candidate was disadvantaged in any way and that processes were fair and consistently applied **to select the most qualified candidate** based on past accomplishments, performance, related work experience, and skills.

2

While serving in the interim Associate Provost of Faculty Affairs role for about 10 months, I was one of the chief faculty officers for faculty concerns and grievances. Unfortunately, as a member of a protected class, I have a grievance with regard to my home institution which I have devoted much time (i.e., educational, professionally and clinically) because of a genuine concern for the success of students, faculty, patients and external stakeholders. As a result, it is disheartening to realize that I am on the other side now and in a position of filing a grievance against my university due to racial discrimination and several other concerns.

I have been involved in grievance processes for students and faculty within my roles and positions at Augusta University. I have acted as a facilitator, coordinator or member of review bodies for faculty and/or students. While acting as Interim Associate Provost of Faculty Affairs I would meet with faculty to discuss their concerns relating to mistreatment or grievances as I had the responsibility of ensuring that faculty were heard and received due process. I also had the responsibility of reviewing student concerns at the institutional level.

Because of my concerns of higher-level associations and conflict of interest within the institution I decided to seek assistance outside of Augusta University in order to ensure a fair, and objective investigation with due process on my behalf. Therefore, I sent detailed letters to the University System of Georgia's office, and later to the Office of the Governor seeking assistance. I also sent a letter to the Georgia Department of Labor. Consequently, I was directed to the U. S. Equal Employment Opportunity Commission (EEOC) by the Office of the Governor and the Department of Labor.

I contacted the EEOC office and submitted the 1st EEOC charge on January 23, 2024 (i.e., officially filed on 2/5/2024), for racial discrimination in violation of Title VII of the Civil Rights Act of 1964. Later, I submitted a 2nd charge of pay disparity and retaliation on June 23, 2024, against the company due to my 1st charge filed on February 5, 2024.

Since July of 2023, I have been seeking answers to questions regarding my interview performance for the permanent position as Associate Provost of Faculty Affairs. As of today, Augusta University's Human Resources has not disclosed nor shared feedback about my performance during the interview stating whether I was less qualified or not for the position or anything related to the interview scoring. Per the USG's Human Resources Administrative Manual Employment: Employment

3

Applications – Policy on Employment Applications, revised December 2015, "Institutions will ensure that all applicants selected for hire meet the established entry qualification for the position filled" and **are the most qualified.** It is also not clear regarding how much external feedback or comments from the survey or additional meeting were shared with the Search Committee and influenced the decision-making process.

**Claim #2** – Pay Disparity with retaliation to the 1st EEOC charge which was officially filed on February 2, 2024.

I am currently a professor and certified physician assistant employed as a faculty member and Associate Dean of Academic Affairs whose academic rank home is the College of Allied Health Sciences Physician Assistant Program. In the spring of 2023, I became aware that I was excluded from a salary readjustment or increase that other physician assistants received. Human Resources was approached about considering me for the readjustment. On February 20, 2024, I was verbally informed that Human Resources denied my request to receive a salary readjustment. After much contemplation over that decision, I decided to submit a 2nd EEOC charge on June 23, 2024.

I was told that my request for salary readjustment was denied because I am not in a faculty position or a Physician Assistant position, which is inaccurate.

I believe that I have been discriminated against and subjected to retaliation for filing EEOC charge 410-2024-03985 on February 5, 2024, which was unrelated to the readjustment.

Several faculty within the Physician Assistant Program at Augusta University received a salary increase for which I was not included. My understanding is that an increase in salary was approved for the spring of 2023. I requested that Human Resources review and consider me for the salary increase as well. Unfortunately, in February of 2024, my request was denied. Human Resources' rationale for why I was not included nor considered is vague. Their denial of the salary increase led me to file a 2nd charge relating to pay disparity and retaliation due to the 1st charge.

**Claim #3** – Mistreatment in the workplace with an intent of slanderous harm for a negative impact on my reputation and professional career.

After the permanent person was selected for the Associate Provost of Faculty Affairs, I heard rumors of negative talk about me in the general community. Since a general survey was sent to all faculty to solicit feedback about interview candidates caused suspicion of the survey's intent and what may have been accepted or used

4

during the decision making. I discussed my concerns of negative talk or slanderous behavior about me in the general community with Human Resources. At least two internal meetings were held with HR representatives to discuss my concerns in January of 2024. To no avail, I decided to move forward by submitting the 1st EEOC charge to begin a thorough investigation. On October 22, 2024, I received a Notice of Your Rights to Sue for the 1st EEOC charge. I received the Notice of Your Rights to Sue for the 2nd EEOC charge on July 26, 2024.

**V. Relief –**

State briefly what damages or relief the plaintiff asks of the court to order.

I have taken measures since July 2023 to seek assistance with my concerns. Presently, I come to petition the federal trial court as I respectfully make a plea to hear my case relating to Augusta University's Associate Provost of Faculty Affairs' position regarding racial discrimination, pay disparity and slanderous behavior in the workplace. My participation in Augusta University's interview process for promotion purposes has caused harm and impacted my reputation and professional career. In addition, loss of annual salary or wages from the promotion due to racial discrimination and pay disparity has provided less annual income since 2023. This loss of potential salary also impacts the Teachers Retirement System of Georgia's distribution amount. Therefore, I am seeking relief by requesting due process to hear my case in a fair and unbiased way to investigate the matter for truth and justice.



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

**To:** Dr. Judith B. Stallings
4206 Aerie Circle
Evans, GA 30809
Charge No: 410-2024-03985

EEOC Representative and email:     Michelle Wright
Investigator
michelle.wright@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 410-2024-03985.

On behalf of the Commission,

I. Daniel-
Edward Anance
Digitally signed by I.
Daniel-Edward Anance
Date: 2024.10.22 14:48:32
-04'00'

Darrell E. Graham
District Director

**Cc:**
Steve Goldberg
Augusta University
1120 15th Street (HS-1150) 1120 15th Street (HS-1150)
Augusta, GA 30912


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 410-2024-03985 to the

District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 410-2024-03985 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/26/2024

**To:** Dr. Judith B. Stallings
4206 Aerie Circle
EVANS, GA 30809
Charge No: 410-2024-10082

EEOC Representative and email:    NICOLE DIGGS
Sr. Federal Investigator
Nicole.Diggs@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 410-2024-10082.

On behalf of the Commission,

Digitally Signed By:Darrell E. Graham
07/26/2024
Darrell E. Graham
District Director

**Cc:**
Steve Goldberg
Augusta University
1120 15TH ST
Augusta, GA 30912


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 410-2024-10082 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 410-2024-10082 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.