IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| DR. JUDITH B. STALLINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| AUGUSTA UNIVERSITY HUMAN ) | |
| RESOURCES, *et al.*, ) | 1:25-CV-00012-JRH-BKE |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT IN LIEU OF ANSWER OF BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA d/b/a AUGUSTA UNIVERSITY AND BRIEF IN SUPPORT**

COMES NOW, Defendant, by special appearance only and without submitting to the jurisdiction of this Court and shows the following as its motion to strike Plaintiff's proposed second amended complaint (Doc. 26) and brief in support.

I. Background.

Plaintiff's original complaint was filed on January 14, 2025, and served on January 27, 2025. (Docs. 1, 6). Defendant filed a motion to dismiss Plaintiff's original complaint in lieu of Answer pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(5) on February 14, 2025. (Doc. 8). Plaintiff filed a motion for leave to file her first amended complaint (Doc. 9), and first amended complaint (Doc. 10), on February 25, 2025 and served it without leave of court on February 28, 2025 (Doc. 13).[1] Defendant moved to dismiss Plaintiff's first amended complaint

---

[1] Plaintiff named Augusta University Human Resources and the Search Committee for Associate Provost of Faculty Affairs as Defendant in her original complaint (Doc. 1), and Plaintiff named the Board of Regents of the University System of Georgia d/b/a Augusta University as Defendant in her first amended complaint. (Doc. 9).

1

pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) on March 14, 2025. (Doc. 14). Plaintiff filed a motion for leave to file second amended complaint (Doc. 17) and second amended complaint (Doc. 17-1) on April 7, 2025, and served it on April 10, 2025, without leave of court. (Docs. 17, 17-1, 21). Plaintiff re-filed her proposed second amended complaint on May 2, 2025. (Doc. 26).  Defendant again objects to Plaintiff's attempt to file her second amended complaint without leave of Court and, to the extent that Plaintiff's amended complaint is considered a motion for leave to file second amended complaint, responds in opposition and moves to strike Plaintiff's proposed second amended complaint. Defendant moves to strike Plaintiff's proposed second amended complaint from the record in this case because leave of court was not obtained before it was filed and because it is futile.

    II.        <u>Argument and Citation of Authority</u>.

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended pleadings. In pertinent part, Rule 15(a)(1)(B) provides that a party may amend a pleading *once* within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier if the pleading is one to which a responsive pleading is required. Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

    A.        <u>Leave of Court was not required for Plaintiff's first amended complaint because it was filed as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B).</u>

Plaintiff could amend her complaint *once* as a matter of course within 21 days of service of Defendant's motion to dismiss in lieu of answer which was filed on February 14, 2025 (Doc. 8) pursuant to Fed. R. Civ.  P. 15(a)(1)(B). Thus, Plaintiff's amended complaint filed on February 25, 2025 (Doc. 9) ("First Amended Complaint") was permissible because it

was filed within 21 days of service of Defendant's motion to dismiss in lieu of answer. (Doc. 8). However, the filing of the first amended complaint exhausted Plaintiff's single opportunity to amend her complaint without obtaining Defendant's consent or leave of Court. Fed. R. Civ. P. 15(a)(1)(B) & 15(a)(2). Plaintiff's first amended complaint is therefore properly before this Court as the operative complaint, and Plaintiff's motion for leave to file her first amended complaint (Doc. 10) should be dismissed as moot. *See*, *Greene v. Cheatam,* 1:23-CV-114, 2023 WL 11932381, *2 (S.D. Ga., Nov. 20, 2023) (holding that "until the Court grants leave for Plaintiff to amend his complaint for a second time, the operative pleading in this case is Plaintiff's first amended complaint"); *see also*, *Dial HD, Inc. v. Clearone Communications, Inc.,* 1:09-CV-100, 2010 WL 3732115, *3 (S.D. Ga., Sept. 7, 2010) (dismissing motion to amend complaint that could be amended as a matter of right as moot).

  B. <u>Plaintiff's second amended complaint was filed without leave of court and is without effect</u>.

Plaintiff filed her second amended complaint (Doc. 26) on May 7, 2025 ("Second Amended Complaint"), after exhausting her single opportunity to amend her complaint as a matter of right. In addition, the Second Amended Complaint was filed after the deadline to file an amended complaint as a matter of right under Fed. R. Civ. P. 15(a)(1)(B) even if Plaintiff had not exhausted her single opportunity to amend without leave of Court. Defendant has not consented to amendment of Plaintiff's first amended complaint, and Plaintiff has not obtained leave from the Court to do so. Plaintiff was therefore required to comply with Rule 15(a)(2) before she could amend. *See*, *McCloud v. Hsbc Bank USA*, No. 1:12-cv-3301, 2013 WL 12063900, at * 1 (N.D. Ga. Apr. 18, 2013) (holding that plaintiff must comply with Rule 15(a)(2) after 21-day period to amend as a matter of right expires). Plaintiff, however, did not obtain Defendant's consent to amend or obtain leave of court before filing the proposed

second amended complaint.

"In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval." *Id.*, (quoting *Hoover v. Blue Cross & Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988) (emphasis in original) (internal quotations and citations omitted)). Thus, Plaintiff's second amended complaint (Doc. 26) should be stricken from the record in this case or, alternatively, dismissed as futile. Plaintiff's second attempt to file a second amended complaint on May 2, 2025 (Doc. 26) should be stricken for these reasons.

    C.    <u>Plaintiff's second amended complaint is futile and should be dismissed.</u>

Defendant incorporates by reference Defendant's motion to dismiss Plaintiff's second amended complaint (Doc. 24). A claim is considered futile if it cannot withstand a motion to dismiss. *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1974 (2007). Plaintiff's second amended complaint which she refiled on May 2, 2025 should be dismissed for the same reasons articulated in Defendant's prior motion to dismiss the second amended complaint. (Doc. 24). Plaintiff's complaint and all amendments thereto should be dismissed because Plaintiff has not plead enough facts to state a claim to relief that is plausible on its face. *Id*.

    III.    <u>Conclusion.</u>

For the above reasons, Defendant requests that the Court dismiss Plaintiff's second amended complaint (Doc. 26) and grant this motion to strike Plaintiff's second amended

complaint in lieu of answer of Board of Regents of the University System of Georgia d/b/a Augusta University.

    Respectfully submitted, this 13th day of May, 2025.

| | |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| BRYAN K. WEBB<br>Senior Assistant Attorney General | 743580 |
| */s/ Katherine P. Stoff*<br>KATHERINE P. STOFF<br>Senior Assistant Attorney General | 536807 |
| */s/Daniel W. Hamilton*<br>DANIEL W. HAMILTON<br>Special Assistant Attorney General | 320855 |

Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Tel: (404) 458-3491
kstoff@law.ga.gov

Plunkett Hamilton Manton & Graves, LLP
429 Walker Street, Upper Level
Augusta, Georgia 30901
Tel: (706) 722-6200
dhamilton@phmglaw.com

CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2025, I electronically filed the foregoing, DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT IN LIEU OF ANSWER WITH BRIEF IN SUPPORT with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following CM/ECF participant(s): Plaintiff Judith Stallings.

In addition, there has been service by United States Mail with sufficient postage attached has been sent to:

Ms. Judith Stallings
4206 Airie Circle
Evans, GA 30809

s/ Daniel W. Hamilton
Counsel for Defendant