IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JUDITH B. STALLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-012 |
| | ) | |
| AUGUSTA UNIVERSITY, Human | ) | |
| Resources and the Search Committee for | ) | |
| the Associate Provost of Faculty Affairs, and | ) | |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Defendants move to stay all discovery related activities, including the planning conference and the submission of the requisite discovery plan under Fed. R. Civ. P. 26(f) and Loc. R. 26.1, pending resolution of their motions to dismiss and/or Plaintiff's motions to amend the complaint. Plaintiff previously requested to stay all deadlines as part of a motion currently pending before the presiding District Judge. (See doc. no. 15, p. 2.) For the reasons set forth below, the Court **GRANTS** Defendants' motion to stay discovery. (Doc. no. 29.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive

>motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the dispositive motions from Defendants, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, Defendants seek dismissal of all claims. (See doc. nos. 8, 14, 24, 28.) Moreover, as Defendants recognize, (doc. no. 29, p. 4), should their motions to dismiss be denied and Plaintiff be granted permission to amend her complaint, the scope of the case may be altered in ways that would impact the parameters of discovery. When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** all aspects of discovery in this action pending resolution of Defendants' motions to dismiss and Plaintiff's motions to amend. Should any portion of the case remain after resolution of the motions, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling. In the event the presiding District Judge, in his ruling on the pending motions, provides further

instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

SO ORDERED this 15th day of May, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA