IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JUDITH B. STALLINGS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 125-012 |
| | * | |
| AUGUSTA UNIVERSITY, et al., | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court are Plaintiff's motions for leave to file amended complaints and a sur-reply (Docs. 10, 17, 34); Plaintiff's request for mediation (Doc. 15); Defendants' motions to dismiss Plaintiff's various complaints (Docs. 8, 14, 24, 28); and Defendants' motions to strike Plaintiff's second amended complaint (Docs. 23, 30). Because the docket in this matter has quickly become replete with duplicative filings, the Court reserves ruling on the motions determined herein to be properly pending before the Court and disposes of any motions now moot.

**I. BACKGROUND**

Plaintiff brought this action on January 14, 2025, asserting claims for racial discrimination, pay disparity, and retaliation against Augusta University Human Resources and the Search Committee for the Associate Provost of Faculty Affairs. (Doc. 1,

at 7.) On February 14, 2025, Defendants filed a motion to dismiss, asserting that Plaintiff failed to serve the proper legal entity and her tort claims were barred by sovereign immunity and Eleventh Amendment immunity. (Doc. 8, at 1.) In response, on February 25, 2025, Plaintiff filed her first amended complaint, naming the Board of Regents of the University System of Georgia ("Defendant") as the defendant and refining her claims.[1] (Doc. 9.) On March 14, 2025, Defendant filed a motion to dismiss the first amended complaint. (Doc. 14.) On April 7, 2025, Plaintiff responded in opposition (Doc. 19), and filed another motion for leave to amend her complaint with a proposed second amended complaint attached (Docs. 17, 17-1). Defendant filed a response in opposition to Plaintiff's motion for leave to amend (Doc. 22), a motion to strike the proposed second amended complaint (Doc. 23), and a motion to dismiss the same (Doc. 24). Plaintiff responded in opposition to the motion to dismiss the second amended complaint (Doc. 25), Defendant replied in support (Doc. 27), and Plaintiff filed a motion for leave to file a sur reply in opposition (Doc. 34), to

---

[1] Plaintiff also filed a motion for leave to file an amended complaint and extension of time to serve the proper Defendant. (Doc. 10.) Because Plaintiff filed the first amended complaint within twenty-one days of Defendants' responsive pleading to her original complaint, amendment was proper as a matter of course and the first amended complaint became the operative complaint upon its filing. See FED. R. CIV. P. 15(a)(1)(B). Moreover, the docket shows summons were issued and returned executed as to Defendant. (Docs. 12, 13.) As such, Plaintiff's motion for leave to file her first amended complaint and extension of time to serve Defendant (Doc. 10) is **DENIED AS MOOT** and the first amended complaint (Doc. 9) is the operative complaint in this matter. Defendant's motion to dismiss the original complaint (Doc. 8) is therefore **DENIED AS MOOT**.

which Defendant responded in opposition (Doc. 37). Additionally, on April 2, 2025, Plaintiff filed a second amended complaint, substantively identical to that proposed in her motion for leave to amend (Doc. 17-1). (Doc. 26.) Defendant responded by filing a motion to dismiss the second amended complaint (Doc. 28) and motion to strike the same (Doc. 30). Plaintiff responded in opposition to both motions (Docs. 32, 33), and Defendant replied in support of the motion to strike (Doc. 36).

Finally, on March 21, 2025, Plaintiff filed a request for mediation. (Doc. 15.) Defendant responded in opposition (Doc. 16), arguing mediation was premature, and Plaintiff replied in support (Doc. 20). Because Defendant opposes mediation and there is a pending motion to dismiss the operative complaint for failure to state a claim, the Court finds mediation premature. Accordingly, the Court **DENIES** Plaintiff's request for mediation (Doc. 15). As the case proceeds, the Parties may have the opportunity to jointly request mediation.

## II. DISCUSSION

In attempting to wade through the remaining pending motions, the Court's first step is to determine which complaint is the operative complaint. As discussed above, Plaintiff's first amended complaint (Doc. 9) is properly before the Court. However, Plaintiff also filed a motion for leave to amend her first amended

3

complaint. (Doc. 17.) Plaintiff argues her motion should be granted because there has been no undue delay, no bad faith, and no prejudice to Defendant. (Id. at 2-3.) Defendant argues the second amended complaint should be dismissed and stricken because it is not properly before the Court and is futile. (Doc. 22; Doc. 23, at 3-4.)

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure, which states that courts should "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, the Court has power to deny leave for undue delay, undue prejudice to the defendant, or futility. Chen v. Lester, 364 F. App'x 531, 538 (11th Cir. 2010) (citation omitted). "An amendment is futile where the amended complaint would still be subject to dismissal." Id. (citation omitted).

Plaintiff contends that, although she believes her first amended complaint sufficiently addressed her claims, the second amended complaint is submitted in response to Defendant's motion to dismiss and "to expound on and to bring more clarity on [her] claim of racial discrimination." (Doc. 26, at 7.) Upon reviewing both complaints, the second amended complaint does not provide any additional material facts or state any additional claims. (Compare Doc. 26, at 7-9, and Doc. 9-2.) Rather, it repeats the same allegations while omitting potentially critical facts, such as Plaintiff's relevant professional history and the details of the

4

purportedly flawed interview process. (Id.) As such, the Court finds the proposed amendment would be futile and **DENIES** Plaintiff's motion for leave to amend her complaint (Doc. 17). Plaintiff's second amended complaint (Doc. 26) is therefore **STRICKEN** from the record. Because the first amended complaint (Doc. 9) remains the operative complaint, all pending motions pertaining to the second amended complaint (Docs. 23, 24, 28, 30, 34) are **DENIED AS MOOT**.

### III. CONCLUSION

Based on the foregoing, the first amended complaint (Doc. 9) remains the operative complaint, and Plaintiff's second amended complaint (Doc. 26) is **STRICKEN**. Defendant's motion to dismiss Plaintiff's original complaint (Doc. 8) and Plaintiff's first motion for leave to file an amended complaint and extension of time to serve Defendant (Doc. 10) are **DENIED AS MOOT**. Additionally, Defendant's motions to dismiss (Docs. 24, 28) and motions to strike (Docs. 23, 30) Plaintiff's second amended complaint, as well as Plaintiff's motion for leave to file a sur reply in support of her second amended complaint (Doc. 34) are **DENIED AS MOOT**. Finally, Plaintiff's motion/request for mediation (Doc. 15) is **DENIED**.

Defendant' motion to dismiss the operative complaint remains pending before the Court. (Doc. 14.) However, Plaintiff's response in opposition to Defendant's motion to dismiss relied

5

solely on the Court granting her motion for leave to amend the complaint (Doc. 17). (Doc. 19.) Given the confusion present on the docket and Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended response to Defendant's motion to dismiss the first amended complaint (Doc. 14). Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to file such response. Thereafter, Defendant will have **FOURTEEN (14) DAYS** from the date a response is filed to file a reply in support.

    **ORDER ENTERED** at Augusta, Georgia, this 27th day of June, 2025.

                                          HONORABLE J. RANDAL HALL
                                          UNITED STATES DISTRICT JUDGE
                                          SOUTHERN DISTRICT OF GEORGIA