IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JUDITH B. STALLINGS,                *
                                    *
        Plaintiff,                  *
                                    *
        v.                          *        CV 125-012
                                    *
AUGUSTA UNIVERSITY, et al.,         *
                                    *
        Defendants.                 *
                                    *

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

OCT 3 0 2025

FILED

## O R D E R

Before the Court is Defendants' motion to dismiss Plaintiff's first amended complaint. (Doc. 14.)  For the following reasons, Defendants' motion to dismiss is **GRANTED**.

## I. BACKGROUND

This action arises out of Plaintiff's employment with Augusta University and candidacy for the vacant position of Associate Provost of Faculty Affairs of Augusta University. (Doc. 9-2, at 1.) Since 2019, Plaintiff has been the Associate Dean of Academic Affairs of the College of Allied Health Sciences. (Id.)  In September 2022, Plaintiff accepted the role of Augusta University's Interim Associate Provost of Faculty Affairs. (Id.) In March 2023, Plaintiff applied and interviewed for the permanent position as Augusta University's Associate Provost of Faculty Affairs. (Id.)  Four candidates interviewed for this position:

"one (1) Caucasian male, two (2) Caucasian females and [Plaintiff], an African American female." (Id.) Two of the candidates were external and two were internal. (Id.) Plaintiff was not chosen for the position and alleges that Defendants discriminated based on race during the interview process. (Id. at 2.) Plaintiff states the interview process included an email from someone outside of the Search Team or Search Committee to all faculty members requesting feedback on the interview candidates and a group meeting where comments or opinions were solicited regarding the candidates. (Id. at 1-2.) Plaintiff received the explanation that "[t]hey received more applications than expected" regarding her rejection for this position. (Id. at 2.)

Plaintiff brought this action on January 14, 2025, asserting claims for racial discrimination, pay disparity, and retaliation against Augusta University Human Resources and the Search Committee for the Associate Provost of Faculty Affairs. (Doc. 1, at 7.) She filed her first amended complaint on February 25, 2025 and attached an Equal Employment Opportunity Commission ("EEOC") Notice and Determination of Rights that was issued to her on October 22, 2024. (Docs. 9, 9-1.) Her first amended complaint names the Board of Regents of the University System of Georgia d/b/a Augusta University ("Defendant") as the sole defendant and claims discrimination based on race for failure to hire and failure to promote her in violation of Title VII of the Civil Rights Act

of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Doc. 9.) On March 14, 2025, Defendant filed a motion to dismiss. (Doc. 14.) On May 2, 2025, Plaintiff filed a second amended complaint, substantively identical to that proposed in her motion for leave to amend (Doc. 17-1). (Doc. 26.) Defendant filed a motion to dismiss the second amended complaint (Doc. 28) and motion to strike the same (Doc. 30). Plaintiff responded in opposition to both motions (Docs. 32, 33), and Defendant replied in support of the motion to strike (Doc. 36).

On June 27, 2025, the Court ordered Plaintiff's first amended complaint remain the operative complaint and struck Plaintiff's second amended complaint. (Doc. 38, at 5.) Defendant's motion to dismiss the operative complaint remained pending. (Id. at 5-6.) Given the confusion present on the docket and Plaintiff's *pro se* status, the Court granted Plaintiff leave to file an amended response to Defendant's motion to dismiss the first amended complaint. (Id.) Plaintiff filed a response in opposition to Defendant's motion to dismiss the first amended complaint on July 10, 2025. (Doc. 39.) Defendant filed a reply in support on July 24, 2025. (Doc. 40). Defendant's motion to dismiss the first amended complaint (Doc. 14) has been fully briefed and is ripe for the Court's review.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds</u> by <u>Davis v. Scherer</u>, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. <u>Id.</u> at 679. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will

4

support the cause of action." <u>Marshall Cnty. Bd. Of Educ. v. Marshall Cnty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993) (citing <u>Exec. 100, Inc. v. Martin Cnty.</u>, 922 F.2d 1536, 1539 (11th Cir. 1991)). Allegations in a complaint must be taken as true and "read . . . in the light most favorable to the plaintiffs." <u>Duke v. Cleland</u>, 5 F.3d 1399, 1402 (11th Cir. 1993) (citation omitted).

"Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>see</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (alterations adopted) (citation and internal quotation marks omitted)). To survive a defendant's Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include enough factual allegations "to raise a right to relief above the speculative level," and those facts must "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555(2007). Although a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555. The Rule 8 pleading standard "demands more than an unadorned, the-defendant unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555). At this stage, the Court must accept as true all facts alleged in the complaint and construe all

reasonable inferences in the light most favorable to the plaintiff. Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).


### III. DISCUSSION

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating "against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "To state a race-discrimination claim under Title VII, a complaint need only 'provide enough factual matter (taken as true) to suggest intentional race discrimination.'" Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting Davis v. Coca-Cola Bottling Co., 516 F.3d 955, 974 (11th Cir. 2008)).

Specifically, "the plaintiff bears the initial burden of establishing a prima facie case of discrimination by showing (1) that she belongs to a protected class, (2) that she was subjected to an adverse employment action, (3) that she was qualified to perform the job in question, and (4) that her employer treated 'similarly situated' employees outside her class more favorably." Lewis v. City of Union City, 918 F.3d 1213, 1220-21 (11th Cir. 2019). However, "plaintiffs are not required to set out a prima facie case in a complaint because the prima facie case is an

'evidentiary standard, not a pleading requirement.'" <u>McCullough</u> <u>v. Bd. of Regents</u>, 623 F. App'x 980, 982-83 (11th Cir. 2015) (quoting <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 510 (2002)). While "a plaintiff need not plead a prima facie case to survive dismissal, the complaint must satisfy <u>Iqbal</u>'s 'plausible on its face' standard, and the allegations must be sufficient to 'raise a right to relief above the speculative level' under <u>Twombly</u>." <u>Id.</u> at 983 (citations omitted). Thus, "a plaintiff need not allege facts sufficient to make out a classic <u>McDonnell Douglas</u> prima facie case," but "the allegations must provide enough factual matter (taken as true) to suggest intentional race discrimination." <u>Graham v. Glynn Cnty. Sch.</u>, No. 2:23-CV-112, 2024 WL 3873418, at *4 (S.D. Ga. Aug. 19, 2024) (citations omitted).

Defendant's motion to dismiss argues that Plaintiff's first amended complaint lacks sufficient factual allegations to survive a motion to dismiss.[1] (Doc. 14, at 7.) Specifically, Defendant claims Plaintiff failed to allege "conduct connecting Defendant . . . to the bare allegations that Plaintiff was not hired or promoted based on her race." (<u>Id.</u>) In response, Plaintiff argues Defendant's decision not to hire her, as the only

---

[1] Defendant's motion to dismiss and Plaintiff's response both reference the issue of whether Plaintiff named the appropriate entity as defendant. (Doc. 14, at 2; Doc. 39, at 4-5.) Because Plaintiff named the appropriate entity as Defendant, the Court finds this matter has been resolved and need not address it.

African American candidate, for the position of Associate Provost of Faculty Affairs is sufficient to state a claim for racial discrimination. (Doc. 39, at 6-7.) Plaintiff states her claim should survive because she has alleged facts for each element of a prima facie case of discrimination. (Id.)

Plaintiff alleges she was a member of a protected class as an "African-American female" and that she suffered an adverse employment action in not getting promoted. (Doc 9-2, at 1-2.) However, Plaintiff lacks facts to support whether she was qualified for the Associate Provost of Faculty Affairs role beyond conclusory statements of her general qualifications. See Pouyeh v. Bascom Palmer Eye Inst., 613 F. App'x. 802, 811 (11th Cir. 2015) (finding an applicant's allegation insufficient to state a plausible claim under Title VII where he alleged he was a medical school graduate with research and clinical experience to demonstrate that he was qualified for a specific residency position). Plaintiff also failed to identify the candidate selected for the position, including the candidate's race and gender. (Doc 9-2, at 1-2.) Plaintiff was one of four candidates for the position, Defendant conducted an interview process to determine its preferred candidate, and Plaintiff was not selected. (Id.) While Plaintiff conveys disappointment in not getting hired despite serving as the interim, she fails to assert any clear facts connecting the rejection to her race. Therefore, the Court finds Plaintiff's

amended complaint fails to allege facts, taken as true, that could reasonably suggest intentional race discrimination.

In her response brief, Plaintiff asserts various other arguments and new facts as to how her first amended complaint states a claim. (See Doc. 39.) She states the only reason provided to her for why she was not selected — that "they received more applications than expected" — is pretextual. (Id. at 7.) Plaintiff also claims that additional evidence will support that she "was treated adversely and less favorably than less qualified Caucasian candidates." (Id. at 8.) Finally, Plaintiff argues "the lack of transparency by Human Resources regarding the reason for Plaintiff's non-selection raised additional concerns that discrimination was involved." (Id. at 9.) Nevertheless, Plaintiff failed to state facts in her first amended complaint to support these arguments. Plaintiff's first amended complaint merely states she was not given the promotion in favor of another candidate, Augusta University requested feedback from faculty on the candidates during the interview process, and Augusta University "received more applications than expected." (Doc. 9-2, at 1-4.) These facts alone, taken as true, do not "suggest intentional race discrimination." Graham, No. 2:23-CV-112, 2024 WL 3873418 at *4 (citations omitted). Therefore, Plaintiff has failed to allege facts sufficient to support her claim of racial discrimination under Title VII; thus, her claim fails.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the first amended complaint (Doc. 14) is **GRANTED.** The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of October, 2025.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA