IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JUDITH B. STALLINGS,                 *
                                      *
    Plaintiff,                *
                                        *
    v.                       *       CV 125-012
                                        *
AUGUSTA UNIVERSITY,         *
                                        *
    Defendant.               *
                                        *

**O R D E R**

Presently pending before the Court is Plaintiff's motion for reconsideration. (Doc. 43.) For the following reasons, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

The facts of this case have been detailed in the Court's October 30, 2025 Order (the "Order"). (Doc. 41, at 1-3.) The Court dismissed Plaintiff's amended complaint because it failed to allege facts that suggested intentional race discrimination for her race discrimination claim. (Doc. 41, at 9.) On November 26, 2025, Plaintiff filed a motion for reconsideration. (Doc. 43.) On December 10, 2025, Defendant responded. (Doc. 44.) The Court considers the Parties' arguments below.

## II. LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because such remedy "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through – rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). "[A]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit relevant evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly

2

convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation omitted). And, ultimately, "the decision to grant a motion for reconsideration is committed to the sound discretion of the district judge." Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (citation and internal quotation marks omitted).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Brown v. Synovus Fin. Corp., 783 F. App'x 923, 931 (11th Cir. 2019) (citation omitted). Plaintiff fails to note under which rule she brings this action; thus, it is up to the Court to determine. Generally, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework." Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). Plaintiff filed her motion twenty-seven days following entry of the Order; thus, the Court analyzes Plaintiff's motion under Rule 59(e).

Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007).

3

Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted).

### III. DISCUSSION

Plaintiff requests the Court to review its decision based on the additional facts and documentation that she attached to her response to Defendant's motion to dismiss. (Doc. 43, at 2; see Docs. 39-1, 39-2, 39-3, 39-4.) Plaintiff argues the Court's Order may not have considered all of her filed documents "to fully evaluate all facts involving the complaint. (Doc. 43, at 2.) Plaintiff repeats arguments from her amended complaint that she "is a member of a protected class as an 'African American female' and has suffered an adverse employment action in not getting promoted." (Id.; see Doc. 9-2, at 1-2.) Plaintiff argues she provided evidence to support that she was qualified for the position based on her attached CV listing her degrees, credentials, and experience. (Doc. 43, at 3-4; see Doc. 39-4.) Plaintiff also argues that the selected candidate was Caucasian. (Doc. 43, at 4.) Lastly, Plaintiff argues the Order does not state whether her second amended complaint was denied. (Id.; see Doc. 39-1.)

Defendant argues Plaintiff incorrectly urges reconsideration based on the alleged facts and materials in Plaintiff's response

4

to Defendant's motion to dismiss instead of those in the amended complaint. (Doc. 44, at 4.) Defendant argues Plaintiff does not provide new evidence because the facts and materials Plaintiff references were in her response to Defendant's motion to dismiss. (Id.) Defendant further argues "the applicable pleading standard does not involve the Court's consideration of all filed documents to fully evaluate all facts involving the complaint in a ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." (Id. (internal quotations omitted).) Finally, Defendant argues Plaintiff has not shown any grounds to warrant reconsideration based on her attempt to reargue that her amended complaint states facts to support Plaintiff was qualified for the role. (Id. at 5.)

At the outset, the Court notes Plaintiff filed her response to Defendant's motion to dismiss with an alternate request for leave to file a second amended complaint. (Doc. 39, at 11; Doc. 39-1.) The Court found Plaintiff's amended complaint (Doc. 9) was the operative complaint. (Doc 38, at 5; Doc. 41, at 3.) As such, the Court effectively denied Plaintiff leave to file a second amended complaint. (Doc. 41.) Thus, Plaintiff's amended complaint remains the operative complaint. (Doc. 9.)

Plaintiff questions whether the Court considered her documents in analyzing the amended complaint. (Doc. 43, at 2.) However, to survive a defendant's Rule 12(b)(6) motion to dismiss,

5

a plaintiff's complaint must include enough factual allegations "to raise a right to relief above the speculative level," and those facts must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In the Order, the Court found that although Plaintiff included additional facts and documentation in her response to Defendant's motion to dismiss, the facts alleged in Plaintiff's amended complaint, taken as true, did not state a claim for intentional race discrimination. (Doc. 41, at 8-9.)

Moreover, Plaintiff's main ground for reconsideration is that the Court overlooked the facts and documentation in her response to Defendant's motion to dismiss. (Doc. 43, at 2.) Plaintiff argues such facts and documentation include the race of the selected candidate and her qualifications. (Id. at 3-4; see Docs. 39-1, 39-2 39-3, 39-4.) However, any additional allegations in Plaintiff's response were not considered part of the amended complaint because "plaintiffs cannot amend their [c]omplaint through their brief in response to the motion to dismiss." John Randall Futch, v. Grand Performer Inc. d/b/a JW Marriott Savannah, No. 4:24-CV-177, 2026 WL 686958, at *2 (S.D. Ga. Mar. 11, 2026) (citation omitted). Further, Plaintiff's argument does not support reconsideration without an intervening change in controlling law, new evidence, or the need to correct clear error or prevent manifest injustice. Schiefer, 2007 WL 2071264, at *2.

Plaintiff fails to put forth a new argument or evidence showing her complaint states a claim for intentional race discrimination after the Court previously found it lacked clear facts connecting the rejection to her race. (Doc. 41, at 8.) Also, the evidence Plaintiff refers to is not newly available because Plaintiff submitted it before the Court's Order. (Docs. 39-1, 39-2 39-3, 39-4.) Instead of submitting a change in controlling law or the need to correct clear error, Plaintiff attempts to relitigate Defendant's motion to dismiss by referencing evidence that was previously submitted. Plaintiff puts forth nothing in her motion for reconsideration to change the Court's analysis, so the Court's ruling — Plaintiff's amended complaint fails to allege facts sufficient to state a racial discrimination claim — stands. Thus, Plaintiff's motion for reconsideration is **DENIED.**

### IV. CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (Doc. 43) is **DENIED.** The case stands **CLOSED.**

**ORDER ENTERED** at Augusta, Georgia, this 13th day of April, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA